## GATT et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
November 16, 1925.)

No. 4691.

Intoxicating liquors ⬤⟼236(6½, 9)—Evidence held insufficient to sustain conviction for unlawful possession and maintenance of nuisance.

Where there was no evidence of any sales or offers to sell by defendant, or that he frequented the place, or was ever in actual possession or had any control over the place, or the liquor in it, conviction for possession or maintaining nuisance could not be sustained.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Frank Gatt and Angelo Mustillo were convicted of violations of the National Prohibition Act, and they bring error. Reversed as to the defendant first named, and cause remanded for new trial.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Frank Gatt, John Gatt, Angelo Mustillo, and William Parente were charged with violations of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) in November, 1923. Parente was not tried. John Gatt was acquitted by direction of the court. Frank Gatt and Mustillo were convicted of unlawful possession of liquor and of maintaining a nuisance. They sued out writ of error, which was afterwards dismissed as to Mustillo. By motions and exceptions duly taken Gatt presents the question of the sufficiency of the evidence to sustain the verdict.

A prohibition agent testified that, acting under a search warrant, he and others entered the Lakeview Inn, near Seattle, and seized a quantity of liquor and beer; that defendants Mustillo and Parente were present; that the Gatt brothers owned the place; that his knowledge of the ownership was based upon the reputation of the inn and what he had heard people say. McFarland, a lumber dealer, testified that some time in the fall of 1923 he sold to Frank Gatt $2.84 worth of lumber and delivered it to the inn. Whitney, a prohibition agent, testified that Parente, Mustillo, and a Japanese woman were on the premises at the time the liquor was seized; that in the cash register he found certain checks that had been through the bank and were indorsed by Frank Gatt; that Mustillo there told the witness he was employed there and was responsible for serving the liquor. Witness said: "I know that the defendants Gatt brothers own the place, because I have been told so." Another witness testified that he knew the Gatts were proprietors, because he had been "told so by telephone reports"; that he could not identify the people who telephoned, and did not know their names.

On behalf of the defendants, Mustillo testified that he was employed by the defendant Parente; that he owned no liquor and never saw certain papers that were found in his room. Frank Gatt testified that he was in the restaurant and barber business in Seattle; that he never bought any lumber from McFarland, was never in his office, and had nothing to do with the Lakeview Inn; that he had loaned the owner of the inn, one Lochnane, $600 on a note, with the understanding that it was to be repaid out of the rent of the Lakeview Inn; that he collected the rent from Parente, who usually came to witness' place of business; that two or three times he went to the inn to collect the rent; that the canceled checks which were found had been indorsed by him and deposited to his account, but that, when they were returned to him by the bank for lack of funds, he turned them over to Parente or Mustillo and demanded the cash, which they paid; that he owned no liquor and had nothing to do with the place. Lochnane testified that he owned the land and building known as the Lakeview Inn; that he leased it in 1922 or 1923 to a man named Valente; that the lease was written in a bank next door to Gatt's place of business in Seattle, and that Gatt was present when the lease was made; that Gatt was one of the men who produced the lessee; that Parente was manager of the inn; that he (witness) never had any dealings with Gatt, except to borrow money from him. Witness corroborated Gatt's testimony concerning the $600 loan and the manner in which it was to be repaid.

The prosecution introduced no evidence of any sales or offer of sales, or that Gatt frequented the place, or ever was in actual possession, or had any control over the inn or the liquor in it. While the testimony that, some time before the search, Gatt bought $2.84 worth of lumber, which was delivered and receipted for, though denied, may be taken as true, it is by no means sufficient

to overcome the presumption of innocence. Gatt's explanation of the circumstance of the canceled checks which bore his indorsement stood without an attempt at rebuttal. Nor did the prosecution attempt to rebut the positive evidence of Lochnane that he owned the property and building and had leased them to one Valente.

We cannot resist the conclusion that the evidence of the government was insufficient to prove Gatt's guilt under either count. We must therefore hold that he is entitled to the protection of the presumption of innocence.

The judgment is reversed, and the cause is remanded for a new trial.